UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERA M. BARTLETT, and </br>D.L.B., a minor, by her next of friend, </br>TERENCE L. BARTLETT, </br>        Plaintiffs, </br></br>vs. </br></br>RICHARD BATESKY, JR., </br>        Defendant. | 1:07-cv-0452-LJM-WTL |

## ORDER

This cause is now before the Court on the parties', plaintiffs, Tera M. Bartlett, and D.L.B., a minor, by her next of friend, Terence L. Bartlett (collectively, the "Bartletts"), and defendant, Richard Batesky, Jr. ("Batesky"), responses to the Court's Order dated August 29, 2007, in which the Court set the conditions for the Bartletts' voluntary dismissal of their claims and Batskey's dismissal of his counterclaim. Both parties have agreed to the following conditions:

    (1)    the Bartletts agree to pay Batesky's reasonable attorney fees for all expenses incurred by Batesky after the filing of his Answer and Counterclaims; such reasonable attorney fees to be determined by the Court after a properly filed affidavit with supporting documentation;

    (2)    the Bartletts agree to a dismissal with prejudice; and

    (3)    upon the payment of his fees as outlined above, Batesky agrees to dismiss his counterclaim with prejudice.

Pursuant to the first term of this agreement, Batesky has filed an affidavit with supporting documentation regarding his attorneys' fees and the Bartletts have raised certain objections to such fees. The Court has considered the parties' arguments and, for the following reasons, the Court determines that the Bartletts shall pay Batesky's reasonable attorneys' fees in the amount of $12,415.97.

## I. **DISCUSSION**

The Bartletts contend that, given the nature of the claims in this case, Batesky's counsel's, Irwin B. Levin ("Levin"), customary fee of $410.00 per hour is excessive. In addition, the Bartletts challenge certain fees as duplicative. Furthermore, the Bartletts claim that expenses related to taking the Bartletts' depositions after entry of the Court's August 29, 2007, Order are unreasonable.

Batesky asserts that his attorney's fee is reasonable given the unique circumstances of this case. In addition, he asserts that taking the Bartletts' depositions was reasonable under the circumstances here.

In making its determination of the reasonable attorneys' fees in this case, the Court will borrow the method used in computing reasonable attorneys' fees in employment discrimination cases. The Court starts with the "lodestar" amount, calculated by multiplying the number of hours the attorney reasonably expended on the litigation times a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003); *Dunning v. Simmons Airlines, Inc.*, 62 F.3d 863, 872 (7th Cir. 1995). This amount may be adjusted up or down depending upon the time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal services properly, the preclusion of employment by the attorney due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation, and ability of the attorneys, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases. *See Mathur*, 317 F.3d at 742 n.1 (quoting *Spellan v. Bd. of Educ. for Dist. 111*, 59 F.3d 642, 645 (7th Cir. 1995)).

The Court agrees with the Bartletts that certain fees are unreasonable, although the Court disagrees that Levin's customary fee of $410.00 per hour is excessive. The Bartletts' experts conceded that Levin's reputation in the community would justify an hourly rate of $410.00, although one of them would have reduced that rate for the claims asserted by the Bartletts. Heath Aff. ¶¶ 11 & 20; Funk Aff. ¶ 6. The Court sees no reason for Levin to make less than his customary rate in this litigation given that resolution of the dispute was made more expedient because of Levin's experience. Therefore, the lodestar amount is $18,632.97.

In addition, although Batesky's attorneys did spend quite a bit of time researching and preparing a motion for judgment on the pleadings that was never filed, such a pleading would not have been unwarranted in this case and the research may have assisted Batesky and his counsel evaluate their strategy for resolving this case in the early stages. The Court cannot find fault with such a strategy.

With respect to certain fees, however, the Court cannot agree that duplicative billing for time spent by Levin and either other partners or associates on the same activity is warranted in this case, nor is billing for tasks that are purely secretarial in nature rather than legal tasks. Moreover, once the Court's August 29, 2007, Order issued, the primary focus of litigation should have been gaining acceptance of the Court's proffered terms of dismissal, not deposing parties in preparation for litigation. The Court considers all preparation and deposition work beyond its August 29, 2007, Order excessive. For these reasons, the following entries will be deducted from Batesky's Motion for Attorneys' Fees:

| DATE | ATTY | DESCRIPTION | HOURS | RATE $/Hour | COST $ |
|---|---|---|---|---|---|
| 5/31/07 | CC | Downloading/Indexing (secretarial) | .20 | 90.00 | 18.00 |
| 5/31/07 | IBL | Interoffice Conference with Associate | .30 | 410.00 | 123.00 |
| 6/26/07 | JAR | Prepare for client meeting | 1.10 | 165.00 | 181.50 |
| 7/3/07 | CC | Prepare Case Management Plan for Court filing | .50 | 90.00 | 45.00 |
| 7/5/07 | CC | Download, save & printout Court electronic filing(s). | .30 | 90.00 | 27.00 |
| 7/11/07 | CC | Download and index Court electronic filing(s). | .20 | 90.00 | 18.00 |
| 7/23/07 | JAR | Correspondences and meetings with Irwin Levin regarding status of the Complaint in light of Judge's desire to see a dismissal | .60 | 165.00 | 99.00 |
| 7/23/07 | RES | Conference with IBL regarding Judge Lawrence's comments; strategy | .70 | 350.00 | 245.00 |
| 8/30/07 | JAR | Reviewed email from Safrin. Noticed parties of depositions on September 8, 2008; meeting with Irwin | .60 | 165.00 | 99.00 |
| 8/30/07 | IBL | Review and study letter from Safrin; email to Safrin with Request for Production; conference with JR; research on privilege log requirement | 1.30 | 410.00 | 533.00 |
| 9/6/07 | JAR | Strategy meeting with Irwin and preparation for depositions. | .30 | 165.00 | 49.50 |
| 9/6/07 | IBL | Meeting with JAR regarding Depositions | .30 | 410.00 | 123.00 |
| 9/7/07 | JAR | Preparation for depositions of Plaintiffs. Meeting with Irwin to discuss Judgment on Pleadings and Summary Judgment. | 1.20 | 165.00 | 198.00 |

4

| DATE | ATTY | DESCRIPTION | HOURS | RATE $/Hour | COST $ |
|---|---|---|---|---|---|
| 9/7/07 | JAR | Email to FS; letter FS; telephone conference with FS; telephone conference with court; final prep for Depositions; conference with JAR regarding possible Motions | 3.30 | 410.00 | 1,353.00 |
| 9/8/07 | JAR | Depositions of Tera Bartlett, Terence Bartlett, and Dana Bartlett | 5.40 | 165.00 | 891.00 |
| 9/8/07 | IBL | 3 Depositions; conference with JR; telephone conference with client | 5.40 | 410.00 | 2,214.00 |

The Court's deductions amount to $6,217.00. The lodestar amount for Batesky's attorneys' fees totaled $18,632.97, which makes the Bartletts' obligation for dismissal of their claims the amount of $12,415.97.

## II. CONCLUSION

For the reasons stated herein, Defendant's, Richard Batesky, Jr., Verified Petition for Fees and Costs Pursuant to the Court's Order of August 29, 2007 (Docket No. 33), and Defendant's Motion for Attorney Fees (Docket No. 25), are **GRANTED** in the amount of $12,415.97, and **DENIED in other respects**. Said costs are assessed against plaintiffs, Tera M. Bartlett, and D.L.B., a minor, by her next of friend, Terence L. Bartlett. Plaintiffs' Motion for Leave to File Dismissal of Lawsuit (Docket No. 19) is **GRANTED in part and DENIED in part**; the claims in Plaintiffs'

Complaint are hereby **DISMISSED with prejudice**. Defendant's Counterclaims are hereby **DISMISSED with prejudice**. Judgment shall enter accordingly.

IT IS SO ORDERED this 26th day of October, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana


Electronically distributed to:

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Jere A. Rosebrock
COHEN & MALAD LLP
jrosebrock@cohenandmalad.com

Franklin A. Safrin
SAFRIN & ASSOCIATES
fsafrin@safrinlaw.com

Ronald A. Safrin
SAFRIN & ASSOCIATES
rsafrin@safrinlaw.com

Richard E. Shevitz
COHEN & MALAD LLP
rshevitz@cohenandmalad.com